1622 LOCUST STREET  |  PHILADELPHIA, PA 19103-6305  |  phone 215/875-3000  |  fax 215/875-4604  |  www.bergermontague.com

**Berger&Montague, P.C.**
ATTORNEYS AT LAW

MERRILL G. DAVIDOFF — ALSO ADMITTED IN NY
WRITER'S DIRECT DIAL | 215/875-3084
WRITER'S DIRECT FAX | 215/875-4671
WRITER'S DIRECT E-MAIL | mdavidoff@bm.net

November 19, 2013

**VIA ECF**

Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

*[Handwritten endorsement: Counsel shall comply with this district's ECF rules regarding letters. /s/ Denise Cote 11/19/13]*



Re:  *In re Credit Default Swaps Antitrust Litigation*, No. 1:13-md-02476

Dear Judge Cote:

     We write with the consent of all parties regarding the December 5 Initial Pre-Trial Conference and certain other scheduling matters in the above-captioned litigation. For the reasons below, we respectfully request that the Court: (1) continue the parties' Rule 16 obligations as to ministerial matters such as negotiating document preservation, protective orders, electronic discovery protocols, and any other topics the parties agree to discuss until the Court appoints lead plaintiffs' counsel and as to all other matters, including discovery issues, until the plaintiffs file a consolidated amended complaint; and (2) modify and harmonize the stipulations entered in certain of the individual cases regarding the time for filing and responding to such a complaint by granting plaintiffs no less than 45 days from appointment of lead counsel to file and by allowing the parties to brief any ensuing motion to dismiss on a 60-60-30 schedule.

     *Rule 16 Obligations.* The Court's October 18 and October 24 Orders direct all parties in this MDL to confer prior to the December 5 conference regarding settlement and other matters specified in Rule 16. Rule 16(b) ties the discovery, motions, and other matters on which the parties must confer to service of an operative complaint, because *such matters depend on the parties and issues involved. Such a complaint has yet to be filed in this MDL.* The allegations here instead are currently the subject of ten separate complaints that differ in their factual contentions, statutory claims, and named defendants. Moreover, plaintiffs are represented by many different firms, several of which have moved for appointment as lead counsel pursuant to the Court's November 6 Order. (Dkt. Nos. 79, 81, 83, 88, 94.) Responses to those motions are due November 22.

**Berger& Montague, P.C.**
ATTORNEYS AT LAW

Honorable Denise L. Cote
November 19, 2013
Page 2

Given this dynamic and fluid state of proceedings, the parties do not believe it is feasible or efficient to attempt to confer on all Rule 16 issues before the December 5 hearing. Continuing the Rule 16 obligations as to ministerial matters, such as those enumerated above, until lead plaintiffs' counsel is appointed, and as to all other Rule 16 obligations, including discovery issues, until plaintiffs file a consolidated amended complaint, will enable the parties to comply with all Rule 16 obligations expeditiously and in a manner that minimizes pretrial burdens on the Court. Accordingly, the parties respectfully request that the Court continue the Rule 16 directives in its October orders as suggested above.

*Schedule for Filing and Responding to the Consolidated Amended Complaint.* The Court's October 29 Order approving the stipulation between certain parties in the *Value Recovery Fund* case, No. 13-cv-4928, states that the Court will provide a schedule for filing a consolidated amended complaint at the December 5 conference. In contrast, the Court's September 29 Order approving the stipulation in the *Salix* case, No. 13-cv-6116, ties plaintiffs' deadline for filing a consolidated amended complaint to the date of the MDL Panel's ruling, and permits the parties thereafter to brief any motion to dismiss on a 60-60-30 schedule. In light of the pending motions for lead counsel and the number of defendants and issues involved in these cases, the parties respectfully request that the Court modify and harmonize these Orders to take account of the current state of proceedings, as well as the stipulations entered in other individual cases that are similar to the *Salix* stipulation, by granting plaintiffs not less than 45 days from the appointment of lead counsel to file a consolidated amended complaint and by allowing the parties to brief any motion to dismiss on a 60-60-30 schedule.

The parties' suggested deadlines are, of course, subject to Your Honor's approval and discretion.

Respectfully submitted,

/s/ Merrill G. Davidoff
Merrill G. Davidoff
Berger & Montague, P.C.
*Acting as Designee for All*
*Plaintiffs' Counsel*

/s/ K. Craig Wildfang
K. Craig Wildfang
Robins, Kaplan, Miller & Ciresi L.L.P.
*Acting as Designee for All*
*Plaintiffs' Counsel*

cc:   All Counsel of Record (via ECF)